**STATE ex rel. LANDRY, Coroner, v. SHATTUCK, Supervisor of Public Funds of State of Louisiana et al.**

**In re MONTZ.**

**No. 17176.**

Court of Appeal of Louisiana. Orleans.
March 15, 1939.

Edward J. Boyle and E. M. Heath, both of New Orleans, for relator.

Frank H. Langridge, of Gretna, for respondent.

PER CURIAM.

On March 14, 1939, at 6:30 p. m., Sidney Montz, one of the defendants cast in a judgment rendered on March 11, 1939, by the Twenty-Fourth Judicial District Court for the Parish of St. Charles, instituted this proceeding wherein he seeks to compel the Honorable L. Robert Rivarde, Judge of that court, to grant him a suspensive appeal from the judgment.

The petition, together with the exhibits attached thereto, reveals the following facts:

On March 8, 1939, Dr. Paul T. Landry, Coroner and Acting Sheriff for the Parish of St. Charles, filed a suit, bearing No. 2655 of the Docket of the Twenty-Fourth Judicial District Court for the Parish of St. Charles, against F. S. Shattuck, Supervisor of Public Funds of the State of Louisiana, and Sidney Montz, Deputy Sheriff of the Parish of St. Charles, alleging that the defendants, particularly Montz, had in their custody and control the original poll registration books of that Parish and that he, as acting sheriff, was entitled to the possession of the books by virtue of the provisions of Art. 772 of the Code of Practice and Art. 8 of the Constitution of Louisiana of 1921 as amended by Act No. 230 of the Regular Session of the Legislature of 1934 and Act No. 38 of the Second Extraordinary Session of the same year. He further averred that, notwithstanding demand for the books, Montz refused and still refuses to deliver them to him. He prayed for an order for the issuance of alternative writs of mandamus directed to the defendants and commanding them to turn over to him the books in their possession or to show cause to the contrary on a day and hour to be fixed by the court.

Upon this showing, alternative writs of mandamus were issued by the district judge and were made returnable on March 11, 1939. On that date, the defendants appeared and joined issue wth Dr. Landry. The court, after hearing on the matter, rendered judgment making the writs peremptory as to the defendant Montz and commanded him to immediately surrender and turn over to Dr. Landry the poll registration books of the Parish.

As soon as this judgment was rendered and signed by the judge, Montz applied to him for an order for a suspensive appeal to the Supreme Court of Louisiana, which he refused to sign. Whereupon, Montz gave notice of his intention to apply to the Supreme Court for writs of mandamus, certiorari and prohibition to compel the judge to grant a suspensive appeal.

Montz alleges in the petition now under consideration that he has applied to the Supreme Court for remedial writs and that that court has denied his application on the ground that this court has jurisdiction in the premises. He also avers in articles 6 and 7 of his petition that, immediately after the judgment rendered against him was signed on March 11, 1939, he applied to the district judge for a suspensive appeal returnable to this court.

In the answer of the respondent judge, it is averred that the allegations of article 7 of relator's petition filed in this court to the effect that an application was presented to him for a suspensive appeal to this court on March 11, 1939, are untrue; that, on the contrary, a motion and order for a suspensive appeal to the Supreme Court of Louisiana was, on that date, presented by Montz for his signature and that, upon his refusal to sign the order, he was given notice of Montz's intention to apply to the Supreme Court for remedial writs. The judge states that, on March 14, 1939, at about 5:00 p. m., Montz applied to him for the first time for an order of suspensive appeal returnable to this court; that at that time (and at the time he filed his return to plaintiff's petition herein) he had not been officially notified of any action being taken by the Supreme Court with respect to Montz's application for remedial writs and that, in view of the pendency of the matter in the Supreme Court, he was unable to pass upon Montz's application for a suspensive appeal to this court.

■■■ The position taken by the district judge is correct. Mandamus issues only to compel an officer to perform a ministerial duty. The district judge properly refused to take action during the pendency

of relator's application for writs in the Supreme Court and, until he was officially notified of that court's refusal of the writs applied for, his hands were tied with respect to a consideration by him of a motion for a suspensive appeal to this court.

The action taken by Montz in this proceeding is premature since he has not alleged that notice of the Supreme Court's refusal of the writs was given by him to the district judge prior to the time he applied for the suspensive appeal to this court. Until the judge had notice, he was powerless to act. It may be that if, and when, application is properly and timely made after official notification of the Supreme Court's refusal of the writs applied for, he will sign the order for appeal or give valid and legal reasons for his refusal to do so should he conclude to deny the application.

For these reasons, the petition of relator for writs of certiorari, mandamus and prohibition is denied at his cost.

Alternative writs of mandamus refused.